PHILIP WEBER, Petitioner v. BUNCOMBE COUNTY BOARD OF EDUCATION, RUSSELL KNIGHT, E. E. CALDWELL, RUEBEN CALDWELL, JOHN W. CARROLL, DR. ROGER JAMES, EDNA ROBERTS, and W. GRADY ROZZELL, Respondents

No. 7928SC928

(Filed 20 May 1980)

1. Schools § 13.2— dismissal of career teacher—due process—notice and hearing

The requirements of due process were met in the dismissal of a career teacher where the superintendent notified the teacher by letter that he would recommend the teacher's dismissal for insubordination because of (1) his failure to acknowledge receipt of an evaluation for 1977-78, (2) his response to the principal's request for clarification of his grading system, (3) his insufficient final evaluation of the year's work for 1977-78, (4) his response to an inquiry about his failure to attend school assemblies, and (5) his failure to follow administrative policy with respect to signing in and out of work; after a hearing in which each of these charges was developed at length, the Professional Review Panel unanimously found that the teacher was insubordinate with respect to each of the charges; upon appeal to the school board and after another full hearing, the board adopted a resolution dismissing the teacher, and the board chairman notified the teacher by letter that the board had found insubordination as to each of the charges and had ordered his dismissal.

2. Schools § 13.2— dismissal of career teacher—insubordination—sufficiency of evidence

The record as a whole supported a school board's dismissal of a career teacher for insubordination where there was evidence that the teacher signed in and out of work for a week in advance when administrative rules required him to do so on a daily basis; when the school principal by letter asked the teacher to explain his grading procedure, he simply referred the principal to a page in the school handbook; the teacher violated school policy by missing an assembly; and he failed to complete an eighteen page year-end evaluation form but instead drew a face with a tongue stuck out on the form.

APPEAL by respondents from *Howell, Judge.* Judgment entered 12 July 1979 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 26 March 1980.

Petitioner brought this action pursuant to the provisions of G.S. 115-142(n) for judicial review of the action of respondent school board (Board) dismissing him from his position as a public school teacher in the Buncombe County schools. The essential allegations of Weber's position are that he had achieved career status as a teacher under G.S. 115-142(c) in the Buncombe County schools and that after he was informed by the Superintendent of the Buncombe County Schools that his dismissal would be recommended to the Board, he requested a review of the recommendation by a Professional Review Panel. This request was granted and after holding a hearing, the Panel recommended his dismissal. After a hearing the Board issued an order dismissing petitioner. Weber alleged that he did not receive a fair hearing before the Panel or the Board, that the Board's order dismissing him failed to make sufficient findings of fact and conclusions of law, that the findings of fact were not supported by competent, material and substantial evidence, and that the Board's conclusions of law were not supported by necessary and proper findings of fact. Weber prayed that the Board's order dismissing him be declared void, that he be reinstated as a career teacher, and that he receive back pay.

Respondent Board answered, denying the essential allegations in the petition, and prayed that the petition be dismissed. Judge Howell made extensive findings of fact and conclusions of law, and ordered Weber reinstated with back pay. Upon motion of respondent Board, execution of Judge Howell's order has been stayed pending this appeal.

*Snyder, Leonard, Biggers & Dodd, by Gary Dodd, for petitioner appellee.*

*Reynolds, Nesbitt & Crawford, by Robert A. Crawford and Martin L. Nesbitt, Jr., for respondent appellants.*

WELLS, Judge.

[1] The first ground cited by the trial court for setting aside the Board's order was the alleged failure of the school authorities to

follow the procedure for dismissal established by statute. While the court found no single violation of procedure sufficient to taint the entire process, the court concluded that a succession of partial errors denied the petitioner a fair adjudication:

> [T]he failure of the Superintendent to specify with some exactitude the charges, the failure of the Review Panel to place its findings in understandable English language, and the adoption of the Board of the same language, when taken together, render the teacher's rights meaningless, taint the whole process and make his absolute right of appeal meaningless. This alone is sufficient to require that the Board's finding be overruled or set aside. It is concluded that there has been a substantial failure to observe the letter of the statute and the requirements necessarily implied therein.

We believe that the trial court erred in concluding that petitioner's due process rights were violated. As Judge Parker has explained,

> [t]he procedures prescribed by G.S. 115-142 for the dismissal of a career teacher are essentially administrative rather than judicial. As was pointed out in this Court's opinion in *Thompson* [*v. Board of Education*, 31 N.C. App. 401, 230 S.E. 2d 164 (1976), *reversed on other grounds*, 292 N.C. 406, 233 S.E. 2d 538 (1977)], the Board is not bound by the formal rules of evidence which would ordinarily obtain in a proceeding in a trial court. Nor are the Rules of Civil Procedure applicable. G.S. 1A-1. While a Board of Education conducting a hearing under G.S. 115-142 must provide all essential elements of due process, it is permitted to operate under a more relaxed set of rules than is a court of law. Boards of Education, normally composed in large part of non-lawyers, are vested with "general control and supervision of all matters pertaining to the public schools in their respective administrative units," G.S. 115-35(b), a responsibility differing greatly from that of a court. The carrying out of such a responsibility requires a wider latitude in procedure and in the reception of evidence than is allowed a court.

*Baxter v. Poe*, 42 N.C. App. 404, 409, 257 S.E. 2d 71, 74-75 (1979), *disc. rev. denied*, 298 N.C. 293, 259 S.E. 2d 298 (1979). While the format and clarity of the charges before and the conclusions

reached by the superintendent, Professional Review Panel and Board were far from exemplary, they were not such as to constitute a denial of petitioner's right to due process of law.

In his letter notifying petitioner that he would recommend petitioner's dismissal to the Board, the superintendent stated the grounds for dismissal as "insubordination", listing specifically, *inter alia*, the controversies concerning: (1) petitioner's failure to acknowledge receipt of an evaluation for 1977-1978; (2) petitioner's response to the principal's request for clarification of petitioner's grading system; (3) petitioner's insufficient final evaluation of the year's work in 1977-1978; (4) petitioner's response to an inquiry about his failure to attend school assemblies; and (5) petitioner's failure to follow an administrative policy with respect to signing in and out of work. After a hearing in which the circumstances of each of the above charges was developed at length, the Professional Review Panel unanimously found that petitioner was insubordinate with respect to each of these issues.[1] Upon appeal to the Board and another full hearing, the Board adopted a resolution dismissing petitioner. The chairman of the Board sent petitioner a letter notifying him that it had found insubordination as to each of the issues cited above, and ordering his dismissal. Under these circumstances we believe that petitioner was adequately notified about the charges against him, that he was given a meaningful hearing, and that petitioner was permitted an adequate second hearing and review before the Board at which he was allowed to present his story and cross-examine opposing witnesses. Petitioner makes no claim that he was inadequately represented by counsel. The requirements of fairness and due process demand nothing more for an administrative determination.

[2] The court below also found that the record failed to establish insubordination on the part of petitioner with respect to the in-

_____

1. We attach great importance to the function of the Review Panel. Under G.S. 114-142(g) and (h), the panel is selected by the State Superintendent of Public Instruction and must be composed of persons who do not reside in the community where the teacher is employed. The teacher has the right to insist that at least two of the five panel members be selected from his peer group (i.e., other teachers, as opposed to administrators). Judge Howell found considerable fault with the style of the Review Panel's report. We sympathize, but the report nevertheless reflects the Panel's understanding of the charges against Weber and its unanimous decision that the charges were justified.

cidents alleged. Under G.S. 150A-51 the Superior Court may reverse a school board decision if:

> . . . the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are . . . (5) [u]nsupported by substantial evidence . . . in view of the entire record as submitted. . . .

This standard of judicial review is known as the "whole record test" and must be distinguished from both *de novo* review and the "any competent evidence" standard of review. *Thompson v. Bd. of Education*, 31 N.C. App. 401, 230 S.E. 2d 164 (1976), *rev'd on other grounds*, 292 N.C. 406, 233 S.E. 2d 538 (1977). The "whole record test" does not allow the reviewing court to replace the Board's judgment as between two reasonably conflicting views, even though the court could justifiably reach a different result had the matter been before it *de novo*. On the other hand, the "whole record" rule requires the court, in determining the substantiality of evidence supporting the Board's decision, to take into account whatever in the record fairly detracts from the weight of the Board's evidence. The court may not consider the evidence which justifies the Board's result, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn. *Thompson v. Bd. of Education, supra; accord, Baxter v. Poe, supra.*

The "whole record" in this case demonstrates inability on the part of the principal in dealing precisely and professionally with a teacher; but it just as clearly shows a teacher defying his principal's authority and responsibility. These circumstances present questions to be resolved by the judgment of the Board.

As Judge (now Chief Judge) Morris stated in *Thompson v. Bd. of Education, supra*, 31 N.C. App. at 424-425, 230 S.E. 2d at 177-178, "[i]nsubordination imports a willful disregard of express or implied directions of the employer and a refusal to obey reasonable orders." The record in this case amply documents a series of acts in which petitioner failed to comply with the reasonable rules and regulations of administrators, and shows what appears to be petitioner's contempt for the school administration. Among other things, there was evidence that petitioner signed in and out of work for a week in advance, when the rule required him to do so on a daily basis. There was evidence

that when the school principal wrote petitioner and asked him to explain his grading procedure, petitioner simply referred him to a page in the school handbook. The record also contains evidence that petitioner violated school policy by missing an assembly and that he failed to complete a seventeen or eighteen-page year-end evaluation form, instead drawing a face with a tongue stuck out on the form. While we believe that each of these acts in itself shows insubordination on the part of petitioner, the cumulative effect documents petitioner's insubordinate attitude toward the school administration in general.

While there was also evidence that many of the acts described above were relatively minor in character and occasionally done by other teachers, and that these acts were not intended by petitioner to violate administration rules, this evidence was not so overwhelming as to compel the Board to dismiss the charges raised against petitioner. It is clear that the trial court examined and reviewed the record before it in great detail. It also seems clear, however, that having done so, the court then substituted its own judgment for that of the Board. This is not permitted under the whole record test. *Thompson v. Bd. of Education, supra.*

Reversed.

Chief Judge MORRIS and Judge PARKER concur.